UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT NOLDEN III,<br><br>　　　　　　Petitioner,<br><br>　　　vs.<br><br>CYNTHIA Y. TAMPKINS,<br>Warden,<br><br>　　　　　　Respondent. | Case No. CV 16-01047-AB (KES)<br><br>ORDER TO SHOW CAUSE |

　　　Petitioner filed a Petition for Writ of Habeas Corpus By A Person In State Custody pursuant to 28 U.S.C. § 2254 on February 16, 2016. (Dkt. 1.) Petitioner pled nolo contendere in Los Angeles County Superior Court Case No. KA105947 to one count of corporal injury to his girlfriend after a prior conviction in violation of Penal Code ("PC") § 273.5, subd. (f)(1) and admitted the great bodily injury enhancement (PC § 12022.7(e)) in exchange for a six year prison term. (Id. at 2.) Petitioner also admitted the conviction in Case No. KA105947 was a violation of his probation in Case No. KA099355. (Id.) Petitioner was sentenced to a three year midterm for the probation violation to run concurrently with the six year term imposed in Case No. KA105947. (Id.)

　　　Petitioner raised three grounds for relief: (1) Ineffective assistance of counsel; (2) "Deputy District Attorney misconduct;" and (3) "Judicial error misconduct." (Dkt.

1 at 5-7, 10-17, 20.) In sum, Petitioner contends that he received ineffective assistance of counsel because his attorney failed to advise him of the elements of the crime thereby rendering his plea involuntary. Petitioner contends that he was not aware that he needed to report to the Probation office. Petitioner further contends the Deputy District Attorney should not have charged him with violating PC §12022.7(e) (which imposes an additional and consecutive term of imprisonment to any person who personally inflicts great bodily injury under circumstances involving domestic violence) because Petitioner had no knowledge of any conditions of probation. Finally, Petitioner contends that the trial judge "falsely charged" Petitioner with additional charges based on probation violations despite knowledge that Petitioner failed to report to Probation. (Id.)

On February 24, 2016, the Court issued an Order Dismissing Petition with Leave to Amend. (Dkt. 5.) Petitioner was advised that Grounds One through Three were not framed as federal constitutional claims. Under 28 U.S.C. § 2254(a), Petitioner may only seek habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Petitioner was granted leave to file a First Amended Petition curing the defects outlined in the Court's Order.

On March 18, 2016, Petitioner filed a First Amended Petition which contains the following eight grounds for relief: (1) Ineffective assistance of counsel #KA105947; (2) Deputy District Attorney Misconduct #KA105947; (3) Judicial error misconduct Jack P. Hunt # KA105947; (4) Judicial error Mike Camacho #KA099355; (5) Ineffective assistance of counsel Richard Caillouette #KA099355;

(6) Prosecutorial misconduct Casey Higgins #KA099355; (7) Police misconduct; and (8) Professional misconduct Pamela J. Voich (appellate counsel). (Dkt. 6 at 11-16.)

The Court's review of the First Amended Petition reveals that it suffers from the following deficiencies.

First, Grounds One through Eight of the First Amended Petition are not framed as federal constitutional claims. As the Court previously advised Petitioner, under 28 U.S.C. § 2254(a), a Petitioner may only seek habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Estelle, 502 U.S. at 67-68; Smith, 455 U.S. at 22; See Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief").

Secondly, Petitioner's claims are not fully exhausted. Petitioner alleges that he did not raise the claims contained in Grounds 4 through 8 of his First Amended Petition on direct appeal, in his Petition for Review or in any habeas petition. (Dkt. 6 at 14-18.) Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

The inclusion of Grounds 4 through 8 renders the First Amended Petition subject to dismissal without prejudice as a "mixed petition."

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. Rose, 455 U.S. at 522. Pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally, a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. Rose, 455 U.S. at 522. If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005). Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

The Court notes that Petitioner has not requested that the Court hold the First

Amended Petition in abeyance while he returns to state court to exhaust his state remedies with respect to Grounds Four through Eight, nor has he purported to make the necessary showing of good cause for his failure to exhaust those claims first in the state court.[2]

IT THEREFORE IS ORDERED that, on or before **April 25, 2016**, Petitioner show cause in writing, if any he has, why the Court should not recommend that the First Amended Petition be dismissed without prejudice for failure to exhaust state remedies. Further, Petitioner is cautioned that his failure to timely file a response to this Order to Show Cause will result in a recommendation that the action be dismissed without prejudice not only for the reasons discussed above, but also for failure to prosecute.

DATED: March 25, 2016

_Karen E. Scott_

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner would also have to satisfy two other prerequisites to invoking the stay and abeyance procedure, namely convince the Court (a) that his unexhausted claims are not "plainly meritless," and (b) that he has not engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78.